698

AGNEW'S INN, INC. *v.* THE MAYOR AND
COUNCIL OF ROCKVILLE ET AL.

[No. 271, September Term, 1970.]

*Decided February 5, 1971.*

The cause was argued before HAMMOND, C. J., and
BARNES, McWILLIAMS, FINAN, SINGLEY, SMITH and
DIGGES, JJ.

*R. Edwin Brown,* with whom was *Edward J. McGrath*
on the brief, for appellant.

*Roger W. Titus, City Attorney,* for The Mayor and
Council of Rockville, part of appellees. *Thomas J.
Walker,* with whom were *Goldburn & Walker* on the brief,
for Elizabeth A. Reid et al., other appellees.

McWILLIAMS, J., delivered the opinion of the Court.

In disposing of this muddle we find it possible to be somewhat peremptory since disclosures at argument have made the appeal moot. We shall, of course, dismiss the appeal but it must not be supposed that, in doing so, we have shirked the chore of studying the record and of pondering the arguments of counsel. Our efforts in this regard fully persuade us that, were we not to dismiss, we would affirm the inquisition from which the appeal was taken. To bring things into focus a summary of what happened seems desirable.

In September 1956 Helen Agnew owned a 0.60 acre lot in Rockville improved by a restaurant and tavern known as Agnew's Inn. On 20 September she leased it to Herman Sussman and Wayne Borton for a term of ten years with an option to renew for a further term of ten years. The lease was never recorded. Some time thereafter Sussman and Borton caused the appellant corporation (the Inn) to be formed. There is no record of an assignment of the lease to the Inn. In October 1963 Evelyn Cooper acquired all of the stock of the Inn. The lease was assigned to her by Sussman and Borton; Helen Agnew consented to the assignment as required by the lease. In December 1965 Evelyn Cooper and the Inn, describing themselves as tenants, gave notice that they were exercising the option to renew. Renewal was refused, at least inferentially, one week later. Three and one-half years later, in March 1969, counsel for the Agnew heirs, rejecting the notion that the ten year lease had been renewed, gave notice to vacate the premises.

For some time the appellee (Rockville) had been moving toward the acquisition of the property for an urban renewal project and on 30 September 1969 it filed its condemnation petition, naming the Agnew heirs, the Inn and Humble Oil and Refining Company as defendants. Humble disclaimed any interest in the property. The Inn answered claiming to be the lessee under a "lease which will not expire until" 20 September 1976. With its an-

swer the Inn moved for a separate trial to have the value of its lease determined. In March 1970 the trial judge, Shure, J., in considering the preliminary question whether the Inn had any interest in the property, viewed the issue "in its most favorable [to the Inn] light." He concluded that the Inn "at best [had] only a possible claim against" the Agnew heirs. We understand, however, that the heirs conceded the Inn was a "month to month" tenant. In June the case came on for trial. The owners stipulated a fair market value of $96,600 and waived a jury trial. Counsel for the Inn was present and he participated in the proceedings.

The inquisition shows an award of $96,600 to the Agnew heirs and a finding "that the remaining defendants [including the Inn] are not entitled to any damages." Final judgment was entered on 1 July 1970.

We now turn the clock back to 20 June on which day the Inn's rent in the amount of $750 became due. It was not paid. Neither was it paid on 20 July when it again became due. On 24 July the heirs filed a "Complaint for Rent and Repossession of Premises" in The People's Court of Montgomery County, alleging "a month-to-month tenancy" and the overdue rent. After trial on 29 July judgment was entered in favor of the heirs for repossession only. The Inn did not appear but on the day following counsel for the Inn entered his appearance and noted an appeal. On 30 December 1970 counsel for the Inn directed the clerk to "enter the appeal of * * * [the Inn] to the Circuit Court for Montgomery County, dismissed." As we have said, if put to it we would affirm Judge Shure's finding that the Inn was "not entitled to any damages," but even if we were to assume that on the day of trial the Inn somehow had succeeded in establishing a tenancy extending some years into the future, and assuming further that it might have been compensable, the judgment of 29 July destroyed it. And, of course, dismissal of the appeal on 30 December made the judgment irrevocable. Thereafter it was at best no more than a tenant from month to month and the citation of authorities is hardly

necessary to support the notion that such an interest is not compensable in a condemnation proceeding.

As provided by Maryland Rules 835 a 2 and 835 b (8) the appeal will be dismissed.

*Appeal dismissed.*
*Costs to be paid by appellant.*